### No. 135
### AMER. SURETY CO. v. FLYNN

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5819.　Decided June 8, 1925

480. EVIDENCE—A court will not disturb a judgment as being against the weight of the evidence unless as a matter of the law the judgment is not supported by it.

147. BILLS AND NOTES—Consideration necessary to support cognovit note.

SULLIVAN, J.

Arthur Flynn was the treasurer of Lake Front Lodge No. 260 of the Brotherhood of Railroad Trainmen, and had collected $900 and placed it in his desk from which it was lost or stolen. The Surety Company who indemnified the lodge under a surety bond issued to Flynn, payed the lodge. Flynn then issued a cognovit note to the Surety Co., said Company claiming that he was responsible for the loss. This suit was prosecuted in the Cuyahoga Common Pleas by the Surety Co. to recover on the cognovit note. Judgment was rendered in favor of Flynn and error was prosecuted.

The error assigned was that a judgment of $61.00 was against the weight of evidence and that there was error of law in the court's failure, as alleged, to assert the legal effect of the execution of the bond, regardless of the defense made in the cross petition, to-wit, want of consideration and duress.

The Court of Appeals held:

1. The court cannot say that under the rules of law, the verdict of the jury was clearly and manifestly against the weight of the evidence, for the reason that a reversal on the weight of the evidence can only be had because of some mistake in the judgment of the jury growing out of a misapprehension of the facts, and to such a degree that the verdict of the jury would cause a shock to the senses, and the authorities go so far as to say that the reversal must be as a matter of law and not of opinion.

2. It is conceded, under our authorities, that the cognovit note sued upon and executed by Flynn to pay for the deficiency is null and void, since there was no legal obligation on the part of Flynn to assume the obligation.

3. According to the evidence there is no consideration, which absolutely invalidates the note which is the basis of this action.

Judgment affirmed.

Attorneys—Garfield, MacGregor & Baldwin, for Surety Co.; Joseph L. Stern for Flynn; all of Cleveland.